# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case Nos. 09-20130
                                                                   18-20251

CHARLES ALOKWU,

    Defendant.
_____/

## OPINION AND ORDER DENYING DEFENDANT'S
## MOTION FOR COMPASSIONATE RELEASE

In December 2009, Defendant Charles Alokwu was sentenced under 21 U.S.C. §§ 841 and 846 to 78 months incarceration for conspiring to distribute and possess with intent to distribute controlled substances. (ECF No. 12, PageID.24-25.)

Defendant filed a "Motion for Compassionate Release." (ECF No. 27.) In the motion, he argues the health risk presented by the Coronavirus Disease ("COVID-19") at his then location of confinement, Moshannon Valley CI, justifies his immediate release.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third,

a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

A motion requesting a prisoner's compassionate release may be filed either by the Bureau of Prisons ("BOP") or by the prisoner himself. 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit held in *United States v. Jones*, 980 F.3d 1098, 1110-11 (6th Cir. 2020), that when a prisoner moves for compassionate release himself there is no "applicable policy statement[] issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Thus, when a prisoner moves for compassionate release, the requirement in § 3582(c)(1)(A) that a sentence reduction be "consistent with [a] policy statement[]" does not apply, and courts are to ignore it. *Jones*, 980 F.3d at 1111; *accord United States v. Elias*, 984 F.3d 516, 519-20 (6th Cir. 2021). To obtain compassionate release, a prisoner must nevertheless present "extraordinary and compelling" circumstances and must have § 3553(a)'s sentencing factors that weigh in his favor. 18 U.S.C. § 3582(c)(1)(A); *see Jones*, 980 F.3d at 1108, 1111 (holding that a court has "full discretion to define 'extraordinary and compelling'" and must also "determine whether, in its discretion, [a] reduction . . . is warranted" under § 3553(a)).

Defendant's circumstances are still not extraordinary or compelling. 18 U.S.C. § 3582(c)(1)(A). "Extraordinary" is defined as "exceptional to a very marked extent." *Extraordinary*, Webster's Third International Dictionary, Unabridged (2020). "Compelling" is defined as "tending to convince or convert by or as if by forcefulness of evidence." *Compelling*, Webster's Third International Dictionary, Unabridged (2020). Courts have interpreted "extraordinary" in the context of compassionate release as "beyond what is usual, customary, regular, or common," and a "'compelling reason" as

"one so great that irreparable harm or injustice would result if the relief is not granted." *United States v. Sapp*, Case No. 14-20520, 2020 WL 515935, at *3 (E.D. Mich. Jan. 31, 2020) (Leitman, J.); *United States v. Murphy*, Case No. 15-20411, 2020 WL 2507619, at *5 (E.D. Mich. May 15, 2020) (Cox, J.). A district court's findings as to extraordinary and compelling circumstances are reviewed for abuse of discretion. *See Elias*, 984 F.3d at 520-21.

On May 5, 2021, the BOP administered Defendant the first dose of the Pfizer COVID-19 vaccine. (ECF No. 36-1, PageID.222. On June 2, 2021, he received the second dose and is now fully vaccinated. (*See* Exhibit 1.) Available scientific evidence demonstrates that the Pfizer vaccine is extraordinarily effective at reducing the risk of COVID-19 infection. *See, e.g., Pfizer-BioNTech COVID-19 Vaccine Overview and Safety*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Pfizer-BioNTech.html (last visited June 20, 2021) (noting that in clinical trials Pfizer vaccine was "95% effective at preventing laboratory-confirmed COVID-19 illness in people without evidence of previous infection"); Mark G. Thompson et al., *Interim Estimates of Vaccine Effectiveness* (2021) (finding that mRNA vaccines, such as the Pfizer vaccine, are 90% effective at preventing both asymptomatic and symptomatic COVID-19 infections); *Pfizer and BioNTech Confirm High Efficacy and No Serious Safety Concerns*, Business Wire, https://www.businesswire.com/news/home/20210401005365/en/ (last visited June 20, 2021) (describing a Pfizer study which found that its vaccine was "100% effective in preventing severe disease as defined by the U.S. Centers for Disease Control").

The court is aware of no scientifically derived evidence showing that there is a material risk of severe complications or death from COVID-19 to fully vaccinated individuals. In addition, the BOP has substantially reduced the risk of spread and exposure to COVID-19 through its vaccination of other inmates. Defendant is now confined at FCI Oakdale II. Out of the 1,839 inmates at FCI Oakdale,[1] 1,334 have been fully vaccinated. *FCI Oakdale II*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/oad/ (last visited June 22, 2021); *FCI Oakdale I*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/oak/ (last visited June 22, 2021); *COVID-19: Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited June 22, 2021). Consequently, there are only two active cases of COVID-19 among inmates at FCI Oakdale II. *COVID-19: Coronavirus*, *supra*.

The remote possibility that COVID-19 will spread through FCI Oakdale II, the BOP will fail to contain the outbreak, Defendant will contract COVID-19, and he will develop life-threatening symptoms does not warrant the extraordinary remedy of compassionate release. 18 U.S.C. § 3582(c)(1)(A). Accordingly,

IT IS ORDERED that Defendant's "Motion for Compassionate Release" (ECF No. 27) is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

---

[1] The Bureau of Prisons lists only an aggregate number of vaccinations at "FCI Oakdale," which presumably is an aggregation including inmates at both FCI Oakdale I & II, so the court has also aggregated the prison population of the two facilities for the sake of comparison.

Dated: June 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 22, 2021, by electronic and/or ordinary mail.

                                                         s/Lisa Wagner                                    /
                                                         Case Manager and Deputy Clerk
                                                         (810) 292-6522

S:\Cleland\Cleland\AAB\Opinions and Orders\Criminal\09-20130.ALOKWU.MotionforCompassionateRelease.AAB.docx